# UNITED STATES DISTRICT COURT
# OF WASHINGTON DC

Maria Manga

Plaintif, *615 Sheridan St. NW Wash. DC 20011*

Linda McMahon, et al.

Small Business Administration (SBA)

Defendants. *409 Third St. SW Washington DC 20416*

Case: 1:17-cv-01606
Assigned To : Unassigned
Assign. Date : 8/7/2017
Description: Pro Se Gen. Civil

**COMPLAINT**

*in re* **PLAINTIFF'S MOTION FOR RECONSIDERATION AND BRIEF IN SUPPORT**

Pursuant to 29 C.F.R. § 1614.407 and Right to File a Civil Action" 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R.§ 1614.503(g) also 42 - Statement of Rights in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 (ADEA) as amended 29 U.S.C. § 621 et seq., Plaintiff files this Motion for Reconsideration, as follows:

## I. INTRODUCTION

The office of Equal Employment Opportunity Commission (EEOC) August 23, 2016 Order improperly granted summary judgement because my lawyer, Vincent Omar Melehy did not present all evidence for discrimination on the basis of race and age. Instead, SBA and Mr. Melehy decided to turn the discrimination case

1

RECEIVED
AUG -7 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

around and discussed only the issues that happened in less than five (5) Months when Mr. Eugene Stewman assaulted me. I had worked in the U.S. Small Business Administration since 1998. Thus, on October 17, 2016 I filed a complaint of Discrimination and Retaliatory adverse Action based of my Nationality Origin and Age. However, SBA did not consider my request, but sought how to get rid of me in the Federal Government.

## II. ARGUMENT AND AUTHORITIES

A motion for reconsideration is appropriate in the following circumstances: (1) to address an intervening change in controlling law; (2) to consider new evidence not previously available; (3) to correct a clear or manifest error of law and fact; or (4) to prevent manifest injustice to discriminate against older workers in violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.

### A. There Was Evidence of the Age Discrimination in Employment

Plaintiff brings this action seeking a declaration that Defendants promote younger employees and receive cash awards, including offer training to advance their career, violate the ADEA. Plaintiff also seeks a permanent injunction requiring that such practices be eliminated. Finally, Plaintiff seeks an order requirement her instatement to the position of Manager and back pay, or in the alternate, awarding her the appropriate front and back pay for the income she

would have received, as Manager, had Defendants not abided by its discriminatory policies and practices in violation of the ADEA.

Because this case is brought under the ADEA, 29 U.S.C. § 621 *et seq.*, this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4) and employment discrimination in violation of Title VII of the Civil Rights Act 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*

**B. The Court Should Have Ruled On and Granted Maria Manga Motion**

1. The plaintiff decision involved a clearly erroneous interpretation of material fact or law and should be reversed.

2. Plaintiff was improperly denied a right to a hearing on her complaint and that during such a hearing, she could have submitted all documents which would indicate that the defendants knew previous EEO activities. The defendant had failed to resolve EEO complaints reported by the Plaintiff.

3. The Defendants were working together with SBA, Baltimore District office to remove me from the Federal Government. Finally, SBA terminated my job on November 2, 2016 without any due process or a hearing. SBA denied me worker compensations, unemployment benefits. Therefore, I do not have any money to take care of my family or myself.

4. Include is the EEOC document to proceed in the District Court by the plaintiff for a final judgement.

5. In addition, Plaintiff is unemployed and requesting an attorney directly to the court because she cannot afford to pay any fees.

### III. CONCLUSION AND REQUEST FOR RELIEF

For the forgoing reasons, Plaintiff Maria Manga, respectfully request that this court reconsider and deny SBA's motion for summary judgment on EEOC No.: 570-2014-00567X; grant Plaintiff's motion, and grant Plaintiff a summary judgement or any and all relief to which she may be entitled to.

Respectfully submitted,

*/s/ Maria Manga*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Maria Manga, a/k/a
Beatriz L.,[1]
Complainant,

v.

Linda McMahon,
Administrator,
Small Business Administration,
Agency.

Appeal No. 0120170348

Hearing No. 570-2014-00567X

Agency No. 0613045

## DECISION

Complainant filed a timely appeal, pursuant to 29 C.F.R. § 1614.403, from the Agency's September 30, 2016 final order concerning an equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

During the period at issue, Complainant worked as a Program Support Specialist, GS-0301-12, at the Agency's Office of International Trade in Washington, District of Columbia.

On July 29, 2013, Complainant filed a formal EEO complaint. Complainant claimed that she was subjected to a hostile work environment and discriminated against by the Agency on the basis of her national origin (Cameroon) and age (58) when:

1. on June 25, 2013, Complainant's duties as a GS-12, Program Support Specialist was reassigned to two other Agency employees;

2. on September 5, 2013, Complainant was issued a Letter of Reprimand (LOR) for bogus and unsubstantiated reasons;

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

3. on September 17, 2013, Complainant's first line Supervisor issued Complainant a Notice of Proposed Suspension for three days for discriminatory reasons. and without affording Complainant any of her statutory due process rights;

4. on September 17, 2013, the first line Supervisor raised his voice at Complainant;

5. on September 19, 2013, the first line Supervisor assaulted Complainant by grabbing her and pushing her against a door, injuring her; and,

6. on September 19, 2013, Complainant's second line Supervisor placed Complainant on administrative leave following the assault by her first line Supervisor.

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ). Complainant timely requested a hearing. The Agency submitted a motion for a decision without a hearing. The AJ subsequently issued a decision by summary judgment in favor of the Agency.

The Agency issued its final order adopting the AJ's finding that Complainant failed to prove discrimination as alleged. The instant appeal followed.

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. In rendering this appellate decision, we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, *de novo*. See 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a *de novo* review..."); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015)(providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed *de novo*).

To successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence, and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in Complainant's favor.

3  0120170348

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action,

4            0120170348

you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*[signature]*
Carlton M. Hadden, Director
Office of Federal Operations

JUL 1 4 2017
Date

5                              0120170348

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Maria Manga
615 Sheridan Street NW
Washington, DC 20011

Sandra A. Winston, Deputy Assistant Administrator
Equal Employment Opportunity and Civil Rights Compliance
Small Business Administration
409 Third St., SW #6800
Washington, DC 20416

JUL 1 4 2017
Date

*[signature]*
Compliance and Control Division